IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JOSEPH PATRICK BROWN**                                                    **PETITIONER**

**VS.**                                          **CIVIL ACTION NO.: 5:12CV91HSO**

**CHRISTOPHER EPPS, Commissioner,**
**Mississippi of Corrections; EARNEST LEE,**
**Superintendent, Mississippi State Penitentiary**
**at Parchman, Mississippi**                                         **RESPONDENTS**

**ORDER GRANTING MOTION TO STAY AND**
**ABATE PENDING STATE COURT SUCCESSIVE PETITION**

This matter came before the Court on Petitioner's Motion to stay this matter while he seeks relief in state court by way of a successive state post-conviction petition. Respondents oppose the Motion, arguing that the grounds raised for review have already been exhausted in state court, making any subsequent post-conviction petition futile. Petitioner has responded that, while some of the grounds raised are similar to earlier arguments made in state court, his new allegations are sufficiently distinct to be unexhausted.

The Court has reviewed the arguments of counsel and believes that Brown's new allegations of ineffective assistance of trial and post-conviction counsel are arguably sufficiently distinct from his original claims to be considered unexhausted. For that reason, the Court is of the opinion that the state court ought to be given an opportunity to rule on these ineffectiveness claims. The Mississippi Supreme Court has specifically recognized a right to effective post-conviction counsel. *Grayson v. State*, 118 So. 3d 118, 126 (Miss. 2013). Since then, that court has displayed a willingness to examine ineffectiveness claims by way of successive writs for post-conviction relief, even in cases with habeas claims pending in this Court. *See, e.g., Havard v. State*, 2013-DR-1995

(Miss. filed Nov. 25, 2013); *Thong Le v. State*, 2013-DR-327 (Miss. filed Feb. 22, 2013); *Walker v. State*, 131 So. 3d 562, 564 (Miss. 2013) (ineffectiveness claims remanded to circuit court for hearing).  Should that court decide that a review of Brown's claims is similarly compelled, contemporaneous litigation of Brown's habeas claims in this Court would be inefficient and could potentially lead to inconsistent results.  For these reasons, the Court is of the opinion that the Motion to Stay and Abate has merit and should be granted.

IT IS, THEREFORE, ORDERED that Brown's Motion to Stay and Abate Proceedings Pending State Court Successive Petition [30] is hereby **GRANTED**.  The Clerk of the Court is directed to remove this case from the Court's active docket.

IT IS FURTHER ORDERED that Petitioner notify the Court within thirty days of a final adjudication of his request to file a successive petition.

IT IS SO ORDERED, this the 4th day of August, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE