# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**JOSEPH PATRICK BROWN**                                    **PETITIONER**

vs.                                                     **CIVIL ACTION NO.: 5:12cv91HSO**

**BURL CAIN, Commissioner, Mississippi
Department of Corrections and TIMOTHY
MORRIS, Superintendent, Mississippi
State Penitentiary**                                   **RESPONDENTS**

## ORDER DENYING RESPONDENTS' MOTION TO DISMISS [DOC #60]

This matter is before the Court on the Respondents' Motion to Dismiss [Doc. #60], which seeks dismissal of all of Joseph Patrick Brown's claims in his Second Amended Petition [Doc. #53] without prejudice, except for Grounds 2, 3, 6, 7 and 9.  In support of this request, the Respondents cite Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.  Brown opposes the Motion.

In its earlier Order [Doc. #59] permitting the Respondents to file this Motion, the Court expressed the opinion that "the issues raised by Respondents should be explored prior to the Respondents' being compelled to address the ineffectiveness claim on the merits."  The Court has reviewed all of the pleadings related to this Motion and is of the opinion that the complexity of the issues, as well as the need to consider matters outside the pleadings, makes this case inappropriate for the relief sought in Respondents' Motion [Doc. #60].

Rule 4 provides, in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it *plainly appears from the petition and any attached exhibit*s that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  If the petition is not dismissed, the judge must order the

> respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *see Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) (noting that the language of Rule 4 authorizes summary dismissal); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009) (holding that Rule 4 contemplates that a § 2254 petition will be judged on its face, along with any attached exhibits); *Knapp v. Henderson*, No 97-1188, 1998 WL 778774, at *3 n.5 (10th Cir. Nov. 9, 1998) (citing Rule 4 and explaining, "as in other civil actions, summary dismissal is inappropriate in habeas corpus proceedings 'unless it appears without a doubt that the petitioner can prove no set of facts which would entitle him to relief.'") (quoting *O'Blasney v. Solem*, 774 F.2d 925, 926 (8th Cir. 1985)). *Cf. Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545-46 (6th Cir. 2011) (likening the initial screening standard for § 2241 petitions to the Fed. R. Civ. P. 12(b)(6) standard for dismissal cited in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (claim must be plausible on its face)).

According to the Rule, once the petition passes the Court's initial inspection, it may, in its discretion, order the Respondents to file an answer, motion, or other pleading, or take other action. In this case, the Respondents were ordered to file an answer when this case was initiated, and again when it returned to this Court after further state court proceedings [Doc. #17, #42]. Nevertheless, the Court did give the Respondents leave to file their Motion [Doc. #60]. Having conducted the appropriate review, the Court is of the opinion that, under the particular facts and circumstances of this case, dismissal at this stage of the proceedings would not be appropriate.

Alternatively, the Respondents seek dismissal under Fed. R. Civ. P. 12(b)(6). Such a dismissal would also be inappropriate at this juncture. *Miramontes v. Driver*, 243 F. App'x 855, 856 (5th Cir. 2007) ("A motion to dismiss for failure to state a claim is an inappropriate practice

in habeas.") (citing *Browder v. Director, Dep't of Corrections of Ill.*, 434 U.S. 257, 269 n.14 (1978)); *Ndudzi v. Castro*, No. SA-20-CV-0492-JKP, 2020 WL 3317107 at *10 (W. D. Tex. June 18, 2020) (holding that Fed. R. Civ. P. 12(b)(6) is inconsistent with the habeas rules).

The Court expresses no opinion on whether Brown will be successful on any of his claims, but, based on the particular circumstances of this case, it is this Court's view that the Respondents' Motion to Dismiss should be denied.

**IT IS, THEREFORE, ORDERED** that the Respondents' Motion to Dismiss [Doc. #60], is **DENIED.** The Respondents will have sixty (60) days from the date of this Order to answer Brown's Second Amended Petition [Doc. #53] and to file any portions of the state court record that are related to Brown's Successive Petition for Post-Conviction Relief that have not been previously filed. Brown will then have thirty (30) days from the filing of the Answer to file any Reply he deems necessary.

**IT IS, FURTHER, ORDERED** that Brown will have ninety (90) days from filing his Reply to submit his Memorandum supporting his Second Amended Petition. The Respondents will then have sixty (60) days within which to file their responsive Memorandum, and Brown will have thirty (30) days within which to file any Memorandum in reply.

**IT IS SO ORDERED**, this the 21st day of July, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE